IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CRYSTAL HENDERSON and TYROME HENDERSON, Plaintiffs, vs. CITY OF JENNINGS, MISSOURI, ROBERT ORR and HENRY JOHNSON, Defendants. | Cause No. **PLAINTIFFS DEMAND TRIAL BY JURY** |

**PLAINTIFFS' COMPLAINT—WARRANTLESS SEARCH AND SEIZURE—CIVIL RIGHTS ACT—CIVIL DAMAGES**

### Common Count

Plaintiffs, for cause of action against defendants, and each of them, state:

1. Plaintiff Crystal Henderson at all times material hereto has been a citizen of the State of Missouri, residing in the City of Jennings, located within St. Louis County, State of Missouri.

2. Plaintiff Tyrome Henderson at all times material hereto has been a citizen of the State of Missouri, residing in the City of Jennings, located within St. Louis County, State of Missouri.

3. Defendant Robert Orr, at all times material hereto, was the Chief of Police of the City of Jennings, Missouri and is being sued in his individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

4. Defendant Henry Johnson, at all times material hereto, was a building inspector for the City of Jennings. Defendant Johnson is being sued in his individual capacity, and he is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

5. Defendant City of Jennings, Missouri is a political subdivision of the State of Missouri, duly created and existing as under the laws and statutes of the State of Missouri. The City of Jennings is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983, and it is located within the Eastern District of this Court in the State of Missouri.

6. The actions described herein were performed by various officials of the City of Jennings pursuant to practices, customs, or standard operating procedures of the City of Jennings, or were performed by or directed by those officials of the City of Jennings possessing final authority with respect to the direction of inspections, investigations and/or warrantless search and seizure procedures; consequently, Defendant City of Jennings is subject to liability herein pursuant to the Civil Rights Act, Title 42 of the United States Code, Section 1983.

7. On or about June 16, 2010, Plaintiffs Crystal and Tyrome Henderson were in the process of moving into their home at 7301 Harney Road in Jennings, Missouri when they discovered that Mr. Johnson and a City of Jennings police officer had entered their home without permission, authority, or warrant.

8. On the same date and at the same place, Henry Johnson and the City of Jennings police searched plaintiffs' residence and confiscated plaintiffs' Smith & Wesson handgun. Defendants, jointly and severally, without warning, just cause or excuse, and without color of warrant, and without the consent of either of the plaintiffs, came into and upon said dwelling, conducting a search

upon the premises, severely and traumatically disturbing the peace and privacy of the plaintiffs, and causing the damages and injuries complained of herein.

9. Said search consisted of, but was not necessarily limited to, confiscation of plaintiffs' handgun and searching plaintiffs' private home.

10. Upon learning of the search and seizure, plaintiffs contacted the City of Jennings and the City of Jennings Police Chief Robert Orr and requested that their property be returned and that they be given an explanation for defendants' above referenced actions.

11. Plaintiffs have received neither their property back nor an explanation for the search, seizure or taking of their property.

12. Said actions of defendants, including the removal and confiscation of plaintiffs' firearm and personal property, searching their home and possessions and remaining upon plaintiffs' premises, were acts performed without color of warrant.

13. The searches and seizures in question, being made without color of warrant, constitute a violation of the Fourth Amendment of the U.S. Constitution.

14. Each and every one of the acts of defendants described herein was done under the authority and direction of the City of Jennings and within its knowledge and the scope of such authority. The acts of defendants Orr and Johnson were not performed in good faith.

15. Each and all of the acts of the defendants alleged herein were done by defendants, and each of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Missouri, and/or the City of Jennings, Missouri, and under the authority of their respective office(s) for said state and municipality.

## Count I

## Unreasonable Search And Seizure

Plaintiffs, for cause of action against Defendants, and each of them, state:

16. Plaintiffs replead and incorporate by reference the "Common Count" set forth above.

17. This action arises under the United States Constitution, particularly under the provisions of the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

18. This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Sections 1331 and 1343.

19. The conduct of the defendants, and each of them, as described herein, constituted unreasonable searches and seizures in that defendants were not under color of search warrant.

20. Defendants' illegal and unreasonable searches were done intentionally and in violation of clearly established constitutional standards, and they constituted deliberate, reckless, or callous disregard for plaintiffs' constitutional rights.

21. The conduct of the defendants, and each of them, is the direct and proximate cause of all of plaintiffs' damages and injuries complained of herein. These damages and injuries include, but are not limited to, psychological trauma, physical trauma, continuing fear of police and public officials, fear of security in plaintiffs' dwelling, and loss of personal property, all of which have resulted in potential financial costs for psychological or psychiatric counseling, treatment or evaluation, loss of wages, and attorneys' fees, as well as other costs and expenses. The conduct of defendants, and each of them, deprived plaintiffs of the

following rights, privileges and immunities secured to plaintiffs, and each of them, by the Constitution of the United States of America:

    (a) The right of plaintiffs to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

    (b) The right of plaintiffs not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

    (c) The right of plaintiffs to their privacy secured by the Constitution of the United States of America.

    (d) The right of plaintiffs to keep and bear arms.

22. The acts, conduct, and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which Plaintiffs are entitled to an award of punitive or exemplary damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, jointly and severally, as follows:

    (a) For general damages in the amount of five hundred thousand dollars ($500,000).

    (b) For punitive or exemplary damages in the amount of one million five hundred thousand dollars ($1,500,000).

    (c) For attorneys' fees and the costs of this action.

    (d) For other such judgment and relief as may be afforded Plaintiffs by law, and which may seem just and equitable to this Honorable Court.

## Count II

## Violation of Due Process Rights

Plaintiffs, for cause of action against Defendants, and each of them, state:

23. Plaintiffs replead and incorporate by reference paragraphs 1 – 22 set forth above.

24. This action arises under the United States Constitution, particularly under the provisions of the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

25. This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Sections 1331 and 1343.

26. The conduct of the Defendants, and each of them, as described herein, constituted an illegal seizure of Plaintiffs' property and persons and deprived Plaintiffs of their property and liberty without due process of law.

27. Defendants' conduct was done intentionally and in violation of clearly established constitutional standards, and constituted deliberate, reckless, or callous disregard for Plaintiffs' constitutional rights.

28. The conduct of the defendants, and each of them, is the direct and proximate cause of all of plaintiffs' damages and injuries complained of herein. These damages and injuries include, but are not limited to, psychological trauma, physical trauma, continuing fear of police and public officials, fear of security in plaintiffs' dwelling, and loss of personal property, all of which have resulted in potential financial costs for psychological or psychiatric counseling, treatment or evaluation, loss of wages, and attorneys' fees, as well as other costs and expenses. The conduct of defendants, and each of them, deprived plaintiffs of the

following rights, privileges and immunities secured to plaintiffs, and each of them, by the Constitution of the United States of America:

    (a)    The right of plaintiffs to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

    (b)    The right of plaintiffs not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

    (c)    The right of plaintiffs to their privacy secured by the Constitution of the United States of America.

    (d)    The right of plaintiffs to keep and bear arms.

29.    The acts, conduct, and behavior of defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which plaintiffs are entitled to an award of punitive or exemplary damages.

WHEREFORE, plaintiffs pray for judgment against the defendants, jointly and severally, as follows:

    (a)    For general damages in the amount of five hundred thousand dollars ($500,000).

    (b)    For punitive or exemplary damages in the amount of one million five hundred thousand dollars ($1,500,000).

    (c)    For attorneys' fees and the costs of this action.

    (d)    For other such judgment and relief as may be afforded plaintiffs by law, and which may seem just and equitable to this Honorable Court.

## Count III

## Conspiracy

Plaintiffs, for cause of action against Defendants, and each of them, state:

30. Plaintiffs replead and incorporate by reference paragraphs 1 - 29 set forth above.

31. This action arises under the United States Constitution, particularly under the provisions of the Second, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1985.

32. This court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, Sections 1331 and 1343.

33. The conduct of the defendants, and each of them, as described herein, constituted a conspiracy in that they acted in concert to violate the constitutional rights of plaintiffs in violation of United States Code, Section 1985, and the defendants acts of conspiracy deprived and denied to plaintiffs their constitutionally protected rights under the Second, Fourth, Fifth and Fourteenth Amendments, all in violation of 42 United States Code Section 1985.

34. The conduct of the defendants, and each of them, is the direct and proximate cause of all of plaintiffs' damages and injuries complained of herein. These damages and injuries include, but are not limited to, psychological trauma, physical trauma, continuing fear of police and public officials, fear of security in plaintiffs' dwelling, and loss of personal property, all of which have resulted in potential financial costs for psychological or psychiatric counseling, treatment or evaluation, loss of wages, and attorneys' fees, as well as other costs and expenses. The conduct of defendants, and each of them, deprived plaintiffs of the

following rights, privileges and immunities secured to plaintiffs, and each of them, by the Constitution of the United States of America:

    (a)    The right of plaintiffs to be secure in their persons and effects against unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

    (b)    The right of plaintiffs not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

    (c)    The right of plaintiffs to their privacy secured by the Constitution of the United States of America.

    (d)    The right of plaintiffs to keep and bear arms.

35. The acts, conduct, and behavior of defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which plaintiffs are entitled to an award of punitive or exemplary damages.

WHEREFORE, plaintiffs pray for judgment against the defendants, jointly and severally, as follows:

    (a)    For general damages in the amount of five hundred thousand dollars ($500,000).

    (b)    For punitive or exemplary damages in the amount of one million five hundred thousand dollars ($1,500,000).

    (c)    For attorneys' fees and the costs of this action.

(d)  For other such judgment and relief as may be afforded plaintiffs by law, and which may seem just and equitable to this Honorable Court.

## Count IV

### Second Amendment – Right to Keep and Bear Arms

Plaintiffs, for cause of action against defendants, and each of them, state:

36. Plaintiffs replead and incorporate by reference paragraphs 1 - 35 set forth above.

37. Defendants, by their acts, individually and collectively, as stated above, denied and punished plaintiffs for their constitutionally protected right to keep and bear arms.

38. The conduct of the defendants, and each of them, as described herein, constituted a violation of plaintiffs' second amendment right to keep and bear arms.

39. Defendants' unlawful confiscation of plaintiffs' firearm was done intentionally and in violation of clearly established constitutional standards, and it constituted deliberate, reckless, or callous disregard for plaintiffs' constitutional rights.

40. The conduct of the defendants, and each of them, is the direct and proximate cause of all of plaintiffs' damages and injuries complained of herein. These damages and injuries include, but are not limited to, psychological trauma, physical trauma, continuing fear of police and public officials, fear of security in Plaintiffs' dwelling, loss of personal property, all of which has resulted in potential financial costs for psychological or psychiatric counseling, treatment or evaluation, loss of wages and attorneys' fees, as well as other costs and expenses. The conduct of defendants, and each of them, deprived plaintiffs of the following

rights, privileges and immunities secured to plaintiffs, and each of them, by the Constitution of the United States of America:

    (a) The right of plaintiffs to lawfully posses a firearm in accordance with the Second and the Fourteenth Amendments to the Constitution of the United States of America.

    (b) The right of plaintiffs not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

WHEREFORE, plaintiffs pray for judgment against the defendants, jointly and severally, as follows:

    (a) For general damages in the amount of five hundred thousand dollars ($500,000).

    (b) For punitive or exemplary damages in the amount of one million five hundred thousand dollars ($1,500,000).

    (c) For attorneys' fees and the costs of this action.

    (d) For other such judgment and relief as may be afforded plaintiffs by law, and which may seem just and equitable to this Honorable Court.

### Count V — Conversion

41. Plaintiffs replead paragraphs 1 through 40.

42. The Smith & Wesson handgun is the property of plaintiffs.

43. Plaintiffs have made demand upon defendants for the property, but defendants have wrongfully and unlawfully refused to deliver the handgun to plaintiffs and thereby converted the same to their own use.

44. The handgun has a fair market value of $600.

45. The defendants' actions as described herein demonstrate said defendants' evil motives and deception, and reckless indifference to the rights of the plaintiff, entitling plaintiffs to punitive damages.

WHEREFORE, plaintiffs pray for judgment against the defendants, jointly and severally, as follows:

(a) For general damages in the amount of five hundred thousand dollars ($500,000).

(b) For punitive or exemplary damages in the amount of one million five hundred thousand dollars ($1,500,000).

(c) For attorneys' fees and the costs of this action.

(d) For other such judgment and relief as may be afforded plaintiffs by law, and which may seem just and equitable to this Honorable Court.

HEARNE & BENDICK LLC

_____
Matthew H. Hearne #86601
7711 Bonhomme, Suite 330
St. Louis, MO 63105
Telephone (314) 863-0200
Fax (314) 863-4247
mhearne@hb-law.com
Attorneys for plaintiffs